DELONE PICKENS,          )
                       )
        Petitioner      )
                       )
           v.           )        No. 3:08-CV-588
                       )
SUPERINTENDENT, INDIANA   )
STATE PRISON,            )
                       )
        Respondent.     )

## OPINION AND ORDER

Petitioner Delone Pickens submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a prison disciplinary hearing. The Respondent has filed a response to the order to show cause and has filed the administrative record. For the reasons set forth below, the Court **DENIES** this petition, and the Clerk is **ORDERED** to **DISMISS** the petition.

BACKGROUND

On October 19, 2007, Case Manager Tina Watts wrote a conduct report charging the Petitioner with engaging in a sexual act with a female visitor. On November 2, 2007, a disciplinary hearing board ("DHB") found the Petitioner guilty of the charge against him and imposed a loss of ninety days of earned credit. The Petitioner appealed unsuccessfully to the Superintendent and the final reviewing authority.

DISCUSSION

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

The Petitioner presents three grounds in his petition for writ of habeas corpus. In ground one of his petition, he asserts that he did not receive adequate written notice of the charges against him. He complains that he "was never given a written explanation of the actual charge" and that "simply being informed of the rule violation . . . is not sufficient." (Petition at p. 3).

The proceedings against the Petitioner were initiated by a conduct report written by Case Manager Watts stating that:

> On the above date and approximate time [10-19-2007 3:30 pm], I case manager Watts was attending the GED graduation chapel. As I was walking around I noticed that offender Pickens had his hand under a female visitors

(sic) skirt. I approached Pickens and told him to get up
and come with me. Pickens then got up and I escorted him
to Lt. Harrison. Lt. Harrison then escorted him out of
the chapel and the visitors were then escorted out of the
facility (Exhibit A).

(DE 9-2, Exhibit A).

One of the basic requirements of due process in a prison
disciplinary proceeding is for the accused to have a written notice
of the charges at least 24 hours before the hearing. *Hill*, 472
U.S. at 454; *Wolff*, 418 U.S. at 564. A prisoner "has a right to
notice of the charges against him 'in order to inform him of the
charges and to enable him to marshal the facts and prepare a
defense.'" *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir.
1995)(quoting *Wolff*, 418 U.S. at 564).

Pickens was served with the conduct report (DE 9-2, Exhibit A)
and the screening report (DE 9-2, Exhibit B) over twenty-four hours
before his hearing. The conduct report provided the date, time, and
location of the infraction and placed Pickens on notice that he was
being charged with "engaging in sexual acts with another or making
sexual proposals, gestures or threats." (DE 9-2, Exhibit A). The
conduct report further stated that "Pickens had his hand under a
female visitor[']s skirt" (*Id.*). This conduct report advised
Pickens of the specific facts of the charge against him and
provided him with sufficient information to allow him to prepare a
defense.

In his petition's second ground, Pickens asserts that he did

not receive a copy of the facts the DHB relied on to find him guilty. The Respondent argues that Pickens procedurally defaulted this claim by not addressing it in his administrative appeal, alternatively, he argues that this claim has no merit. The administrative record establishes that this claim has no merit.

In order to comply with due process, "there must be a 'written statement by the factfinders as to the evidence relied on and the reasons'" for the disciplinary action. *Wolff*, 418 U.S. at 564, quoting *Morrissey v. Brewer,* 408 U.S. 471, 489 (1972). The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board. *Hill*, 472 U.S. at 455. "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (citing *Hill*, 472 U.S. at 455-56). A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Hill*, 472 U.S. at 457. In the appropriate circumstances, such as where the reporting officer personally observed the infraction, the conduct report alone may be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The court must carefully scrutinize the sufficiency of the disciplinary board's statement of facts it relied on to find the prisoner guilty. *Redding v. Fairman*, 717 F.2d 1105, 1116 (7th Cir. 1983) *cert. denied*, 465 U.S. 1025 (1984).

> The line between constitutional adequacy and inadequacy is a fine, but important one. When the committee writes "based on all available evidence the resident is guilty," no agency or court can discern the basis for the Committee's rulings. If, however, the committee writes "resident is lying," or "the guard saw him therefore . . . ," or "resident admits he committed the act charged," or another statement establishing the evidence underlying its decision, then the inmate is protected from mischaracterization of the disciplinary action when it comes under review.

*Id*. at 1116.

The DHB wrote in the portion of the hearing form entitled "reason for the decision" that the "Conduct Report is clear & concise. Base[d] on [the] statement from staff, we believe the offender did engage in sexual acts. Therefore we find him guilty." (DE 9-8, Exhibit H). Pickens argues that the Board failed to set forth exactly what sexual acts he committed. (Petition p. 3). However, that was unnecessary because the Board explicitly relied on the conduct report in which the reporting officer stated that during the graduation ceremony she saw that Pickens "had his hand under a female visitor[']s skirt," (DE 9-2, Exhibit A), which constituted a violation of rule B216's prohibition against engaging in sexual acts. This statement of the evidence was

provided to Pickens, and is sufficient to support a finding of guilt.

In ground three of his petition, Pickens asserts that the DHB was not impartial. One of the procedural due process rights guaranteed by *Wolff v. McDonnell* to inmates during a disciplinary hearing is the right to be heard before an impartial decision maker. However, due process requires recusal of the decision-maker only where the decision-maker has a direct personal or otherwise substantial involvement in the circumstances underlying the charges against the offender. *Redding*, 717 F.2d at 1113, citing *Rhodes v. Robinson*, 612 F.2d 766, 773 (3rd Cir. 1979).

Pickens does not allege that any board member was directly or substantially involved in the circumstances which precipitated the disciplinary charge, and nothing in the record suggests that this was the case. In ground three of his petition, Pickens asserts only that the board was not impartial because it "did not review the video from this event." (Complaint at p. 3). *Wolff v. McDonnell* provides that an inmate may call witnesses and present documentary evidence in his defense. But the DHB did not deprive him of this opportunity because the administrative record establishes that there was no video recording for the board to review. (DE 9-6, Exhibit F).

CONCLUSION

   For the foregoing reasons, the Court **DENIES** this petition for

writ of habeas corpus.


**DATED: November 24, 2009**     **/S/RUDY LOZANO, Judge**
                                 **United States District**